**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LIBERTY ONE METHANOL, LLC,

Plaintiff(s),

v. CIVIL ACTION NO. 2:26-cv-00165

ALTIVIA SERVICES, LLC, et al.,

Defendants.

# ORDER

Pending before the Court is Defendant Altivia Services, LLC's ("Defendant") Motion to Dismiss.[1] (ECF No. 22.) Plaintiff Liberty One Methanol, LLC ("Plaintiff") originally filed its Complaint in the Circuit Court of Kanawha County, West Virginia on February 11, 2026. (ECF No. 29-2 at 5.) Defendant timely filed a notice of removal on February 27, 2026. (ECF No. 29.) Plaintiff did not amend the Complaint following the notice of removal. Then on March 6, 2026, Defendant filed the pending motion to dismiss. (ECF No. 22.) Plaintiff still did not amend the Complaint.

Under Federal Rule of Civil Procedure 81(c)(2), "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Courts have interpreted this rule as granting broad discretion to order repleading. *See* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 81, at 505–06 (2022) ("The decision whether to require repleading

[1] Jason Bonham, II, John Ellis, II, Patrick Andre Higginbotham, and Donald Ray Huffman, Jr. have since been dismissed. (*See* ECF No. 44.)

lies within the district court's discretion."). "Generally, a federal court will not require the parties to redo the state court pleadings, 'although the district court may find it necessary to order repleading when the state pleading requirements vary markedly from federal practice.'" *Manchanda v. Hays Worldwide, LLC*, No. 1:14CV1339 JCC/TCB, 2014 WL 7239095, at *1 (E.D. Va. Dec. 17, 2014) (quoting 14C *Fed. Prac. & Proc. Juris.* § 3738 (4th ed.2011)).

That is precisely what occurred here. When Plaintiff initially filed this action in state court, the Complaint was subject only to the notice pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Chapman v. Kane Transfer Co.,* 160 W. Va. 530 (1977). Under this standard, a complaint survives 12(b)(6) scrutiny unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

In contrast, a stricter standard applies to federal pleadings. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the context of motions to dismiss under Rule 12(b)(6), the showing of an entitlement to relief "requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009)).

Here, Defendant attacks the Complaint for failure to state a claim under Rule 12(b)(6). (*See generally* ECF Nos. 22, 23.) In light of Plaintiff's Complaint, the Court will exercise its discretion to require repleading of the Complaint to ensure all claims are adjudicated on their

merits. *Cf.* Fed. R. Civ. P 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.")

For these reasons, Defendant's Motion to Dismiss, (ECF No. 22), is **DENIED WITHOUT PREJUDICE**. Additionally, the Court **ORDERS** Plaintiff to replead its claim(s) in accordance with the Federal Rules of Civil Procedure within fourteen days after the entry of this order. Any responsive pleadings by Defendant should be filed in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 22, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE